JOHN M. DELPH *v.* JOHN FINNEL ET AL.

**Contracts—Lease—Forfeiture—Non-Payment of Rent.**

> Where by the terms of a lease it is stipulated that the lessor may re-enter, upon the failure to pay rent, the lessor may annul the contract and is entitled to the possession.

**Written Contract—Loss of Improvements.**

> The lessee having failed to execute the written contract for the rent of the premises the lessor was entitled to recover the possession. But as such recovery would involve the loss of the improvement the lessee may elect to execute the writing or submit to eviction.

September 30, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

Although, by the terms of the lease to Finnell, the failure to pay the stipulated rent of the 22 feet of ground within 30 days after any installment should be due, the appellant was entitled to

re-enter the premises, and annul the lease, yet, as the petition does not seem to seek a forfeiture on that ground, but on the ground of an alleged failure of the appellant to execute and perform the new contract, for the leasing of the same ground enlarged by the adjoining 20 feet of ground, it seems to us the court did not err in refusing to annul the lease.

We are of the opinion that the plaintiff was entitled to recover of the appellee, Kehol, a rent of sixty dollars per annum for the use and occupation of said adjoining ground of 20 feet front, the averments of the petition being deemed sufficient for that object, and it appearing from the evidence of O'Neal and Dunn that, although Kehol did not execute the written lease, signed by the appellant, he did agree with him to rent the ground, and his sub-tenant erected a kitchen on it, which became part of the premises rented by the appellee's agent to Dunn.

There being no written contract for the rent of the 20 feet of ground executed by the appellee Kehol, the plaintiff was also entitled to recover the possession of it, unless the said appellee would execute the lease in writing. But as such a recovery would involve the loss of improvements, it seems to us, for this and other reasons, that Kehol should be allowed, on the return of the cause, to elect whether he will execute the written contract, or submit to a judgment of eviction as to the 20 foot lot.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Harrison & Bennett*, for appellants.

*H. Pope*, for appellees.